**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
MONTEL TURNER, *on behalf of himself,*       Case No.
*FLSA Collective Plaintiffs and the Class,*

         Plaintiff,      **CLASS AND COLLECTIVE ACTION COMPLAINT**

   -against-

     **Jury Trial Demanded**

STANLEY LEWIS PLUMBING & HEATING
CORP and ALEX LEWIS,

         Defendants.
---------------------------------------------------------------X

Plaintiff Montel Turner ("Turner" or "Plaintiff") alleges on behalf of himself and others similarly situated, against Stanley Lewis Plumbing & Heating Corp ("Stanley Lewis Plumbing" or "Company") and Alex Lewis ("Lewis") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Turner was employed by the Defendants as a mechanic's helper, sprinkler inspector and cleaner from approximately January 3, 2017 to July 27, 2020. Turner would generally work 45 to 54 hours per week. For the most part, Turner was not paid minimum wage or overtime. Further, until late July 2019, Turner was paid solely in cash.

2. In addition, Turner was not provided with a wage notice upon his hire or annually; and was not provided with wage statements with each payment received.

3. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

1

4. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) statutory penalties for wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

5. Lastly, Plaintiff alleges a claim under 26 U.S.C. § 7434 for the fraudulent filing of information returns.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and because Defendants' business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Montel Turner ("Turner" or "Plaintiff") was and is a resident of Kings County, New York.

10. Defendant Stanley Lewis Plumbing & Heating Corp ("Stanley Lewis Plumbing" or "Company") was and is a domestic business corporation organized under the laws of the State of New York., with a principal place of business located at 749 Prospect Place, Brooklyn NY 11216.

11. At all times relevant to this action, upon information and belief, Stanley Lewis Plumbing

has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

12. Defendant Alex Lewis ("Lewis"), upon information and belief, was and is a resident of the State of New York.

13. At all times relevant to this action, Lewis was and is an Owner of Stanley Lewis Plumbing.

14. At all times relevant to this action, Lewis was and is the President of Stanley Lewis Plumbing.

15. Lewis exercised control over the employment terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class Members. Lewis had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Lewis directly regarding any of the terms of their employment, and Lewis would have the authority to effect any changes to the quality and terms of employees' employment. Lewis exercised functional control over the business and financial operation of Stanley Lewis Plumbing.

16. The acts of Stanley Lewis Plumbing alleged in this Complaint were authorized, directed or accomplished by Lewis individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of Stanley Lewis Plumbing's business.

17. At all relevant times, Stanley Lewis Plumbing was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the

regulations thereunder.

18. At all relevant times, the work performed by the Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the businesses operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including mechanics, plumbers, mechanic helpers, and sprinkler inspectors, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

20. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiff stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

21. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22. Plaintiff also brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including mechanics, plumbers, mechanic helpers, and sprinkler inspectors employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

23. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

24. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

25. The Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage statements

per requirements of the NYLL, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. The Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the state violate the NYLL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed the Plaintiff and Class members within the meaning of the NYLL;

    (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

    (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiff and Class members for their work;

(d) Whether Defendants properly notified the Plaintiff and Class members of their hourly rate and overtime rate;

(e) Whether Defendants paid the Plaintiff and Class members the proper minimum wage compensation under the NYLL;

(f) Whether Defendants paid the Plaintiff and Class members the proper overtime compensation under the NYLL;

(g) Whether Defendants provided proper wage and hour notices to the Plaintiff and Class members, at date of hiring and annually, as required by the NYLL; and

(h) Whether Defendants provided proper wage statements to the Plaintiff and Class members per requirements of the NYLL.

## STATEMENT OF FACTS

30. Defendants are engaged in the plumbing and heating service business.

31. Defendants are based out of 749 Prospect Place, Brooklyn NY 11216.

32. From approximately January 3, 2017 to July 27, 2020, Turner was employed on a full-time basis by the Defendants.

33. Turner's job responsibilities while employed by the Defendants included but were not limited to working as a mechanic's helper, sprinkler inspector and cleaner.

34. The Defendants failed to provide Turner with a wage notice upon his hire.

35. The Defendants failed to provide Turner with a wage notice annually.

36. During Turner's employment with the Defendants, Turner would often work in excess of forty hours per week.

37. Despite working in excess of forty hours, the Defendants failed to pay Turner overtime.

38. In 2017, Turner worked five days per week (Monday to Friday), from 730am to 430pm

(9 hours per day), for a total of 45 hours per week.

39. Starting in approximately mid-2018, in addition to the 45 hours per week, Turner would also work an additional 2-3 hours per day, three days per week (additional 6-9 total hours per week), cleaning at one of Smith's rental properties.

40. In 2017, Turner was paid $350.00 per week, solely in cash.

41. For approximately the first three months of 2018, Turner was not paid by the Defendants.

42. Over approximately the next three months of 2018, Turner was paid $175.00 per week by the Defendants, solely in cash.

43. Over approximately the last six months of 2018, Turner was paid $350.00 per week in cash for his mechanical work, plus an additional $125.00 per month for cleaning the rental apartments.

44. In approximately the first three months of 2019, Turner was paid $400.00 per week in cash for his mechanical work, plus an additional $125.00 per month for cleaning the rental apartments.

45. Over approximately the next three months of 2019, Turner was paid $450.00 per week in cash for his mechanical work, plus an additional $125.00 per month for cleaning the rental apartments.

46. The Defendants did not provide Turner with a proper wage statement with each payment he received.

47. Starting in approximately July 2019, the Defendants paid Turner $15.00 per hour for his non-cleaning work.

48. From July 2019 to July 27, 2020, Turner was paid via debit card.

49. Turner still was not paid overtime from July 2019 to July 27, 2020.

50. In addition, Turner was not compensated whatsoever for his cleaning duties from July 2019 to July 17, 2020.

51. The Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members the required minimum wage.

52. Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

53. Defendants knowingly and willfully operated their business with a policy of not paying either minimum wage or overtime to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

54. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to the Plaintiffs and Class members, in violation of the NYLL.

56. The Plaintiffs retained Akin Law Group PLLC to represent the Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

57. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. By failing to pay minimum wage, Defendants have violated and continue to violate the

FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

60. Defendants' failure to pay minimum age caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages,  damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

61. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay minimum wage, in violation of the NYLL and regulations promulgated thereunder.

63. Defendants' failure to pay minimum wage caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon.  The Plaintiff and the Class Members are entitled to recover from the Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

64. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

68. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

70. Defendants' failure to pay overtime premium compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages,

reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

71. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72. Defendants have willfully failed to supply the Plaintiff and Class Members with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

73. Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

74. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75. Defendants have willfully failed to provide the Plaintiff and Class Members with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

76. Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
### (26 U.S.C. §7434(a) – Fraudulent Filing of Information Returns)

77. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78. By failing to provide Plaintiff and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

79. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and

     patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

h. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime pay, pursuant to the FLSA, NYLL and supporting regulations;

i. An award of statutory damages, up to a maximum of five thousand dollars per Plaintiff and each of the Class Members for Defendants' failure to provide a wage notice, pursuant to the NYLL;

j. An award of statutory damages, up to a maximum of five thousand dollars per Plaintiff and each of the Class Members for Defendants' failure to provide wage statements, pursuant to the NYLL;

k. An award of civil damages as a result of Defendants' fraudulent filing of information returns pursuant to the applicable federal law;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

n. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: October 14, 2020
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs, FLSA Collective Plaintiffs and the Class*